Dear Mr. LaCour:
You have requested an opinion of the Attorney General in your capacity as legal advisor to the Board of Trustees (the "Board") of the Firemen's Pension and Relief Fund (the "Fund") of the City of Kenner (the "City"). You have asked us to consider the statutory provisions establishing the Fund at R.S. 11:3251,et seq., as they apply to the factual scenario which follows.
An active fireman with eighteen (18) years of service, who is eligible to retire after twenty (20) years of service, has asked the Board to allow him to leave the City's Fire Department now, but to defer retirement benefits until the twentieth anniversary of his employment. At that time, he would begin to receive normal retirement benefits equal to sixty-six and two-thirds (66 2/3%) percent of his present salary, rather than the sixty-six and two-thirds (66 2/3%) percent of his average monthly compensation as defined in R.S. 11:3263(F). This will result in his receipt of a lower pension benefit.
If this proposal is accepted by the Board, he will immediately deposit with the Fund all contributions that both he and the City would normally contribute from the present time until the twentieth anniversary of his employment.
R.S. 11:3251 creates the Fund. The Fund is controlled and managed, pursuant to Section 3253, by the Board. Section 3255 enumerates the powers and duties of the Board to include the following:
 "A. The board of trustees shall have exclusive control and management of the Fireman's Pension and Relief Fund and shall make all necessary and pertinent rules and regulations for the proper administration of said fund; . . . .
 * * *
 B. The board of trustees shall have the power and it shall be its duty to;
 (1) Make all rules and regulations necessary to the proper conduct of the business of the fund under the provisions of the law, including but not limited to selecting a fiscal or calendar year for the fund." (Emphasis added.)
The specific law relating to pensions and benefits is found at R.S. 11:3261. It begins with the following language:
 "Pensions and benefits shall be as follows:" (Emphasis added.)
The Section continues by enumerating those pension and benefit options available to firemen upon disability and/or retirement. In addition, R.S. 11:3262 expressly addresses the voluntary separation from service of a member prior to becoming eligible for retirement.
We have carefully reviewed the options presented and can find no "provision of the law," whatsoever, for the member's purchase of retirement credit under the plan set forth in your request. In the absence of such authority, we are constrained to hold that the law does not permit the implementation of the benefit option under scrutiny.
The Board may wish to seek remedial legislation to afford said option to this employee and any other employee who desires to separate under these circumstances.
Trusting this adequately responds to inquiry, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ______________________________________ ROBERT E. HARROUN, III
Assistant Attorney General
RPI/Rob, III/cla
Date Received:
Date Released:
Robert E. Harroun, III Assistant Attorney General